IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

IN RE:

| | | |
|---|---|---|
| BUFORD KEITH HOLLINGSWORTH, } | | Chapter 13 |
| and AMBER NICOLE HOLLINGSWORTH} | | |
| Debtors } | | |
| _____} | | Case No. 12-50590-KMS |
| } | | |
| BUFORD KEITH HOLLINGSWORTH, } | | |
| Plaintiff } | | |
| } | | |
| VS. } | | AP No.12-05042 |
| } | | |
| REGIONS BANK } | | |
| Defendant } | | |

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

COMES NOW Buford Keith Hollingsworth and Amber Nicole Hollingsworth, being the plaintiffs herein and the debtors in the underlying Chapter 13 bankruptcy, through undersigned counsel, and file this their *Motion For Partial Summary Judgment* on the issue of willful violation of the automatic stay of 11 U.S.C. §362. In support hereof, movants would show unto the Court as follows:

1. On September 28TH, 2012 the plaintiffs filed this adversary proceeding (Exhibit "A", Complaint) against the defendant Regions Bank alleging a violation of the Automatic Stay that occurred when Regions Bank sent a demand letter (Exhibit "C", Demand Letter) to the plaintiffs demanding payment for a debt that was subject to the automatic stay.

2. The plaintiffs alleged in their complaint, *inter alia,* that:

    A. By way of letter dated July 29, 2012, Regions Bank demanded repayment from

the plaintiffs of a debt in the amount of $7,753.09  (Exhibit "A", Complaint, ¶ 12);

  B. The automatic stay was in effect and applicable to Regions Bank and the debt owed to Regions Bank by the plaintiffs at the time the demand letter was sent (Exhibit "A", Complaint, ¶¶ 19,20);

  C. Regions Bank had actual knowledge of the existence of the automatic stay at the time the demand letter was sent (Exhibit "A", Complaint, ¶ 21);

  D. Regions Bank's demand letter was a violation of the automatic stay (Exhibit "A", Complaint, ¶ 23).

 3. Regions Bank filed an answer (Exhibit "B", Answer) to the adversary proceeding on November 2ND, 2012.  In said answer Regions, *inter alia*, admitted that:

  A. By way of letter dated July 29, 2012, Regions Bank demanded repayment from the plaintiffs of a debt in the amount of $7,753.09  (Exhibit "B", Answer, ¶ 12);

  B. At the time the demand letter was sent to the plaintiffs, the automatic stay was in effect and applicable to Regions Bank and to the debt owed to Regions Bank (Exhibit "B", Answer ¶¶ 19, 20);

  C. Regions Bank had actual knowledge of the existence of the automatic stay at the time the demand letter was sent (Exhibit "B", Answer, ¶ 21);

  D. Regions Bank's demand letter was a violation of the automatic stay (Exhibit "B", Answer, ¶ 23).

 4. A willful violation of the stay requires that the defendant knew of the stay and that the defendants actions which violated the stay were intentional. *Campbell v. Countrywide Home Loans, Inc.,* 545 F.3d 348, 355 (5TH Cir. 2008).

5.  There is no dispute that the demand letter (Exhibit "C") was intentionally sent.

6.  By virtue of the aforementioned admissions in the pleadings, there is no dispute that the stay was in effect and applicable to Regions Bank.

7.  Accordingly, there is no genuine dispute as to any material fact regarding whether the defendants acts were a willful violation of the automatic stay of 11 U.S.C. § 362 and the plaintiffs are entitled to partial summary judgment on this issue as a matter of law.

WHEREFORE, PREMISES CONSIDERED, the plaintiffs pray that summary judgment be entered in their favor against Regions Bank on the issue of whether the defendants acts constitute a willful violation of the automatic stay.

Respectfully submitted this the **11TH day of April, 2013.**

*/s/ Paul B. Caston*
Paul B. Caston, MSB # 10086
Counsel for the Debtor

Paul B. Caston, MSB # 10086
P.O. Box 1742
Hattiesburg, MS  39403
Tel. 601-544-2516
Fax. 601-544-2517
E. paulcaston@gmail.com

CERTIFICATE OF SERVICE

I Paul B. Caston, hereby certify that on the **11TH day of April, 2013** I electronically filed the foregoing pleading with the Clerk of this Court using the Court's CM/ECF system which sent notification electronically to the following persons and entities:

J.C. Bell, Trustee
mdg@jcbell.net

United States Trustee
USTPRegion05.JA.ECF@udsoj.gov

Additionally, service by first class United States mail, with all postage prepaid, was made on this same day on the following:

**Jeff D. Rawlings**
**P.O. Box 1789**
**Madison, MS 39130-1789**

This the **11TH day of April, 2013.**

                                                /s/  Paul B. Caston
                                                Paul B. Caston, MSB # 10086

Paul B. Caston, MSB # 10086
P.O. Box 1742
Hattiesburg, MS  39403
Tel. 601-544-2516
Fax. 601-544-2517
E. paulcaston@gmail.com