IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

IN RE:

| | |
|---|---|
| BUFORD KEITH HOLLINGSWORTH, } and AMBER NICOLE HOLLINGSWORTH}     Debtors  } _____} } BUFORD KEITH HOLLINGSWORTH, }     Plaintiff  } } VS. } } REGIONS BANK }     Defendant  } | Chapter 7  Case No. 12-50590-KMS   AP No.12-05042 |

PLAINTIFF'S MEMORANDUM BRIEF IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT

The plaintiff seeks partial summary judgment on the issue of whether the defendant has violated the automatic stay by its conduct as alleged in the complaint initiating this cause.

I.  Factual Background

The plaintiff herein, Buford Hollingsworth, filed for bankruptcy protection under Chapter 7 on March 22, 2012. Regions Bank entered an appearance in the bankruptcy on May 25TH, 2012 through its attorneys, Rawlings and MacInnis by filing a lift-stay motion in order to recover its collateral, one 2012 Nissan Frontier. The parties entered into an agreed order lifting the stay as to Regions' collateral and allowing Regions to recover and liquidate the collateral. Regions did in fact recover and liquidate its collateral and subsequently sent a demand letter to the plaintiff for the deficiency that resulted from the sale of the collateral. (Exhibit "C", Demand Letter). The plaintiff

responded by filing the present adversary proceeding.

## II. Legal Standard For Summary Judgment

Rule 56(a) of the Federal Rules of Civil Procedure as applied to bankruptcy proceedings through Rule 7056 of the Federal Rules of Bankruptcy Procedure provides that summary judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. A fact is material if it is essential to the plaintiff's cause of action under the applicable theory of recovery, and without which the plaintiff cannot prevail. *Celotex v. Catrett*, 477 U.S. 317 (1986). The movant's burden is to merely point out the absence of evidence supporting the non-movant's case. *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir.1996). Once the movant meets this burden, the non-movant must go beyond the pleadings and "identify specific evidence in the record, and articulate the 'precise manner' in which that evidence support[s] [the] claim". *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994). The non-movant's "showing requires more than some metaphysical doubt as to the material facts." *Vanderford v. Parker Hannifin Corp.*, 971 F. Supp. 1079, 1080 (N.D. Miss. 1997). "If the nonmoving party fails to make a sufficient showing of an essential element of a claim with respect to which it has the burden of proof, then the moving party is entitled to judgment as a matter of law". *Id*. at 1080. *See also Stults*, 76 F.3d at 656-57 (citing *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995)).

## III. Argument

A willful violation of the stay requires that the defendant knew of the stay and that the defendant's actions were intentional. *Campbell v. Countrywide Home Loans, Inc.,* 545 F.3d 348, 355 (5TH Cir. 2008).

"A willful violation does not require a specific intent to violate the automatic stay. Rather, the statute provides for damages upon a finding that the defendant knew of the automatic stay and the defendant's actions which violated the stay were intentional. Whether the party believes in good faith that it had a right to the property is not relevant to whether the act was "willful" or whether compensation must be awarded." *Campbell,* at 355, Citing *In Re Chestnut,* 422 F.3d 298, 302 (5TH Cir. 2005).

Regions admits in its answer to the complaint, as it must, that it had actual knowledge of the existence of the stay. (Exhibit B, Answer, ¶ 21) Regions further admits in its answer, that it sent the demand letter (Exhibit B, Answer, ¶ 23) and that its actions violated the automatic stay (Exhibit B, Answer, ¶ 23). Accordingly, there is no genuine issue as to any material fact and the plaintiff is entitled to partial summary judgment on the issue of whether the defendant's conduct violated the automatic stay.

WHEREFORE, PREMISES CONSIDERED, the plaintiff prays that the Court will enter partial summary judgment in his favor on the issue of whether the defendant's conduct was a violation of the automatic stay as alleged in the complaint.

Respectfully submitted this the **23RD day of April, 2013.**

*/s/ Paul B. Caston*
Paul B. Caston, MSB # 10086
Counsel for the Debtor

CERTIFICATE OF SERVICE

I hereby certify that on the **23RD day of April, 2013** I electronically filed the foregoing pleading with the Clerk of this Court using the CM/ECF system which sent notification to the following:

    Derek Henderson
    Chapter 7 Trustee
    d_henderson@bellsouth.net

    U. S. Bankruptcy Trustee
    USTPRegion05.JA.ECF@usdoj.gov

Service by United States mail was made on the following:

**Jeff Rawlings**
**P.O. Box 1789**
**Madison, MS 39130**

This the **23RD day of April, 2013.**

        /s/ Paul B. Caston
        Paul B. Caston, MSB # 10086

Paul B. Caston, MSB # 10086
P.O. Box 1742
Hattiesburg, MS  39403
Tel. 601-544-2516
Cell 601-329-8968
Fax. 601-544-2517
E. paulcaston@gmail.com